IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEAN JERSETT,

                Petitioner,                         ORDER

      v.                                  3:08-cv-0353-slc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

Dean Jersett, an inmate at the Stanley Correctional Institution, has filed a request for a certificate of appealability from this court's judgment of July 2, 2008 dismissing his petition for a writ of habeas corpus. He also requests leave to proceed in forma pauperis. The subject of the petition is petitioner's 1994 conviction in the Circuit Court for Douglas County of two counts of having sexual contact with a child younger than 13. In an order entered July 2, 2008, I dismissed the petition with prejudice, finding no merit to petitioner's claim that he was mentally incompetent and was on medications at the time he entered his plea or that his trial lawyer was ineffective for advising petitioner to withdraw his plea of not guilty by reason of mental disease or defect.

A certificate of appealability shall issue only if the applicant has made "a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must

"sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).  Petitioner cannot make this showing.  As explained in the July 2, 2008 order, petitioner's borderline intelligence is not equivalent to mental incompetence and there is no evidence that the mild antidepressants he was taking had any affect on his ability to understand the proceedings.  To the contrary, all of the other evidence submitted by petitioner, including the psychological report by John Laney, Ph. D., and the transcript from the plea hearing, establishes beyond dispute that he understood the proceedings and was able to assist his lawyer.   No reasonable jurist would conclude otherwise.

Petitioner's claim that his lawyer provided ineffective assistance when he advised petitioner to withdraw his plea of not guilty by reason of mental disease or defect presents a slightly closer question, but it too fails to merit further review.  Petitioner has not presented any facts to overcome the transcript from the plea hearing, which shows that counsel had legitimate, strategic reasons for abandoning the defense and further, that petitioner agreed with that strategy.  In light of this evidence (which petitioner has failed to rebut), reasonable jurists would agree that petitioner simply cannot overcome the strong presumption that his lawyer's performance was within the "wide range" of professional assistance.

2

The next question is whether petitioner is entitled to proceed *in forma pauperis* on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is taken in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. Reasonable persons would not suppose there is any merit to pursuing an appeal where petitioner has failed to adduce any facts raising a bona fide doubt about his competence to plead guilty or his lawyer's asserted reasons for abandoning the not guilty by reason of insanity defense.

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1.    Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2.    Petitioner's request for leave to proceed in forma pauperis is DENIED because

3

I certify that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 19th day of August, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4